IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DINZEL E. NORMAN                                                          PETITIONER

V.                      Civil No. 3:17-cv-03077-TLB-MEF

GRANT HARRIS, WARDEN                                RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Dinzel E. Norman ("Norman"), on September 14, 2017. (ECF No. 1). On September 15, 2017, the Court entered an Order (ECF No. 3) directing Norman to cure certain deficiencies in his Petition, namely: (1) it does not name as respondent the state officer who presently has custody of the Petitioner; (2) it is only in part on the standard form for a petition under 28 U.S.C. § 2254; and, (3) it is not signed under penalty of perjury by the Petitioner. In compliance with the Court's Order, Petitioner filed his supplemented and amended Petition with the Court on October 11, 2017. (ECF No. 4). The Court ordered the Respondent to answer or otherwise respond to the Petition within 21 days. (ECF No. 5). The date for filing an answer or other response was extended to November 23, 2017 by Order entered on November 13, 2017. (ECF No. 11). Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus on November 22, 2017. (ECF No. 12). The matter is ready for Report and Recommendation.

### I. Background

On September 6, 1994, following a jury trial in the Circuit Court of Newton County, Arkansas, Norman was convicted of conspiracy to manufacture a controlled substance, methamphetamine, in violation of A.C.A. §§ 5-64-401 and 5-3-401, and of manufacture of a

controlled substance, marijuana, in violation of A.C.A. § 5-64-401. He was sentenced to a term of 240 months and 120 months imprisonment, respectively, in the Arkansas Department of Correction ("ADC"). (ECF No. 13-2, p. 2). The ADC took custody of Norman on December 7, 1994. (ECF No. 13-2, p. 7).

Norman pursued a direct appeal to the Arkansas Supreme Court in which he argued the trial court erred in denying his motion to suppress physical evidence recovered from his residence pursuant to a search warrant. *Norman v. State*, 326 Ark. 210, 211, 931 S.W.2d 96, 97 (1996). The Arkansas Supreme Court affirmed Norman's convictions in an Opinion filed on October 7, 1996. *Id*.

Norman then sought relief in a Petition for Post-Conviction Relief pursuant to Rule 37, Arkansas Rules of Criminal Procedure, filed in the Newton County Circuit Court on December 13, 1996. (ECF No. 13-7). After conducting an evidentiary hearing, the trial court denied Norman's Rule 37 petition on December 11, 1997. (ECF No. 13-6, p. 1). Norman appealed the denial of his Rule 37 petition to the Arkansas Supreme Court. He raised three points on appeal: (1) ineffective assistance of trial counsel due to a conflict of interest caused by counsel's dual representation of Norman and the State's key witness against him; (2) ineffective assistance of trial counsel for failure to communicate a plea offer; and, (3) ineffective assistance of trial counsel for failure to put forth a vigorous defense. *Norman v. State*, 339 Ark. 54, 57-61, 2 S.W.3d 771, 773-75 (1999). On October 21, 1999, the Arkansas Supreme Court reversed and remanded in part, and affirmed in part. In its Opinion, the Supreme Court found the trial court's decision that Norman's counsel was not also representing the State's witness to be clearly against the preponderance of the evidence, and the issue was remanded back to the trial court for an analysis of whether counsel's dual representation was

an actual conflict of interest that adversely affected counsel's performance. *Id*., 339 Ark. at 57-60. Finding that the evidence could support a ruling either way on Norman's second issue, the Supreme Court held the trial court's decision was not clearly against the preponderance of the evidence on that issue, and denial of relief on that point was affirmed. *Id*., 339 Ark. at 60-61. The Supreme Court found no written findings by the trial court on Norman's third point, in violation of *Bumgarner v. State*, 288 Ark. 315, 705 S.W.2d 10 (1986) requiring written findings of fact on any issue upon which a Rule 37 hearing is held, and that issue was also remanded back to the trial court. *Norman*, 339 Ark. at 61. Following the remand, and pursuant to a negotiated plea of guilty, an Amended Judgment and Commitment Order was entered by the Newton County Circuit Court on April 7, 2000, in which Norman was sentenced to 240 months in the ADC on the conviction for conspiracy to manufacture a controlled substance, methamphetamine, and 120 months in the ADC on the conviction for manufacture of a controlled substance, marijuana, the sentences to run concurrently. (ECF No. 13-2, pp. 9-12). Norman's Rule 37 petition was dismissed with prejudice. (*Id*., at p. 11).

On June 24, 1998, while his Rule 37 appeal was still pending in the Arkansas Supreme Court, Norman filed a petition under 28 U.S.C. § 2254 in this Court. (See Case No. 3:98-cv-03045-HFW, ECF No. 1). On August 31, 1998, this Court dismissed the petition without prejudice. (*Id*., ECF No. 16).

On October 11, 2000, Norman was released on parole. (ECF No. 13-2, p. 4). On October 25, 2004, he was fully discharged from his sentences. (*Id*.).

On September 14, 2017, Norman filed his *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). This was supplemented by his filing on October 11, 2017. (ECF No. 4). Liberally construing Norman's *pro se* petition, he asserts four

grounds for relief: (1) the State violated Arkansas' speedy-trial rule; (2) ineffective assistance of trial counsel for failing to move for dismissal based on the alleged speedy-trial violation; (3) ineffective assistance of trial counsel due to a conflict of interest; and, (4) ineffective assistance of trial counsel due to failure to present a vigorous defense. (ECF No. 4, p. 5).

Respondent moves to dismiss on the basis that Norman does not satisfy the jurisdictional "in custody" requirement of 28 U.S.C. § 2254 and Rule 2, Rules Governing § 2254 Proceedings. (ECF No. 13).

## II. Discussion

For the reasons discussed below, this Court lacks subject matter jurisdiction to consider Norman's petition and it should be dismissed with prejudice.

28 U.S.C. § 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added).

Rule 2, Rules Governing § 2254 Proceedings, similarly requires that a petitioner seeking relief be in custody, or be subject to future custody, under the state-court judgment being contested.

In *Maleng v. Cook*, 490 U.S. 488, 490 (1989) the United States Supreme Court held that the federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States.'" (quoting 28 U.S.C. § 2254(a)) (emphasis added). The Supreme Court further explained, "[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is

filed." *Id.* at 490–91 (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). *See also Flittie v. Solem*, 822 F.2d 325, 327-28 (8th Cir. 1989) (holding that *Maleng* controls where defendant has long since fully served his sentence); and, *Mainali v. Virginia*, 873 F.Supp.2d 748, 750 (E.D. VA. 2012) (*Maleng* has made "unmistakably clear" that a § 2254 petitioner must, at the time his petition is filed, be "in custody" pursuant to the contested state conviction or sentence).

Norman fully served, and on October 25, 2004, was completely discharged from the convictions and sentences he now attacks. He admits he has been released in his petition. (ECF No. 4, pp. 13-14). Because Norman was not in custody when he filed the petition, the Court does not have jurisdiction to consider his federal habeas claims. His § 2254 petition should be dismissed with prejudice.

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473 (2000). Norman has not made a substantial showing of the denial of a constitutional right in this case, and a Certificate of Appealability should be denied.

### III. Conclusion

For the reasons and upon the authorities discussed above, this Court does not have subject matter jurisdiction of the habeas corpus claim brought under 28 U.S.C. § 2254. It is recommended that Norman's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1), as amended (ECF No. 4), be **DISMISSED with PREJUDICE**. It is further

recommended that a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of November 2017.

                                             /s/ Mark E. Ford
                                             HONORABLE MARK E. FORD
                                             UNITED STATES MAGISTRATE JUDGE